# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SHEILA WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV 08-2117 AGR<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Sheila Williams ("Williams") filed a Complaint on April 8, 2008. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on April 18 and 25, 2008. (Dkt. Nos. 9-10.) The parties filed a Joint Stipulation ("JS") on December 29, 2008, that addressed the disputed issues in the case. The Commissioner filed the certified administrative record ("A.R."). The Court has taken the Joint Stipulation under submission without oral argument.

  Having reviewed the entire file, the decision of the Commissioner is affirmed.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

Williams filed applications for supplemental security income and disability insurance benefits with a protective filing date of May 5, 2005, and alleging a disability onset date of July 17, 2001. A.R. 10, 48-56. The applications were denied. A.R. 36-37. Williams requested a hearing. A.R. 44. An Administrative Law Judge ("ALJ") conducted a hearing on June 8, 2006. A.R. 265-302. On April 27, 2007, the ALJ issued a decision denying benefits. A.R. 7-15. Williams filed a request for review. A.R. 6. On February 13, 2008, the Appeals Council denied the request for review. A.R. 3-5.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///
///

# III.
# EVALUATION OF DISABILITY

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ's Findings

The ALJ found that Williams "has a severe impairment of degenerative joint disease of the lumbar spine." A.R. 13. Williams "is able to perform the full range of work at the light exertional level," with "postural limitations of occasional climbing, balancing, and stooping, and frequent kneeling, crouching, and crawling." A.R. 14. "There are no appreciable nonexertional limitations." *Id.* Williams is unable to perform her relevant work. *Id.* Applying Grid Rule 202.14, Williams is not disabled. *Id.*

## C. Williams' Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Here, it may be inferred from the ALJ's discussion that he made a finding favorable to Williams at this step. A.R. 13.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"

*Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

Here, the ALJ made no finding of malingering. "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (citing Social Security Ruling ("SSR") 88-13,[1] internal quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in claimant's statements; (b) inconsistencies between claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that Williams' "complaints of totally disabling physical limitations are not fully credible." A.R. 14. Her "subjective complaints have been taken into consideration but only to the extent they are supported by the clinical and diagnostic findings and other evidence of record." A.R. 13.

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

At the hearing on June 8, 2006, Williams testified that she currently goes to the Rose Medical Group[2] for mental health counseling, where she talks about her pain and headaches. A.R. 294-95. Williams argues that the ALJ failed to take into account this testimony.[3] JS at 3. However, the ALJ considered Williams' allegations that "she is unable to work due to pain around her shoulders, lower and middle back regions, ankles, hands, and breathing difficulties." A.R. 11. The ALJ noted that Williams had been seen for asthma, hypertension and depression. A.R. 12. In addition, the ALJ noted Williams' complaint of headaches following an epidural nerve block. *Id.*

Williams further argues that the ALJ did not provide any reasons for discounting her credibility. JS at 4. However, the ALJ discounted Williams' credibility based on four factors: (1) her treating physician's work-related limitations; (2) conservative treatment for pain; (3) Williams "was not entirely candid in her testimony with respect to her work activity in the first and second quarters of 2006 as documented in her earnings history"; and (4) Williams has a "fairly normal and wide range of activities of daily living." A.R. 12.

As to the ALJ's first reason, lack of objective medical evidence to support subjective pain allegations may properly be considered but is not sufficient alone to discount a claimant's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ accurately described her treating orthopedic surgeon's assessment. In the most recent evaluation dated September 19, 2002, Williams' treating orthopedic surgeon stated that she had job restrictions "precluding heavy lifting and repeated

---

[2] It appears that the Rose Medical Group is a Venice Family Clinic location on Rose Avenue. A.R. 299-300. The ALJ left the record open for Williams to submit those records. *Id.* On August 5, 2006, the ALJ sent out a records request to the Venice Family Clinic on Rose Avenue (A.R. 219), and received records. A.R. 220-253.

[3] Contrary to Williams' argument, her testimony about what she discusses in mental health counseling did not include lack of sleep. A.R. 294-295. Her sleeping pattern is to go to sleep at midnight and get up at six. A.R. 295. There is no indication that her sleeping pattern would prevent her from working.

bending and stooping."[4]  She could not return to her past work, but "is considered a qualified injured worker and a candidate for vocational rehabilitation." A.R. 138.  This assessment is consistent with the ALJ's residual functional capacity assessment.

The ALJ may properly rely on conservative treatment for pain.  *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).  Williams' treating orthopedic surgeon recommended "home exercises in the form of stretching, yoga, ice therapy, daily walks, and may take over-the-counter medications" and further recommended that she see a treating physician as needed for medications, physical therapy, chiropractic care, and/or lumbar epidural nerve blocks.  A.R. 139.  These recommendations are consistent with conservative treatment.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (physical therapy and anti-inflammatory medication considered conservative treatment); *Contreras v. Astrue*, 2009 WL 196153, *6 (N.D. Cal. 2009) (periodic cortisone injections constitute conservative treatment).

An ALJ may properly rely on inconsistencies between a claimant's testimony and documentation.  *See Thomas v. Barnhart*, 278 F.3d at 958-59.  The ALJ compared Williams' earnings report, which showed wages of $15,152.25 in 2001 (A.R. 12, 60) to Williams' testimony that she did not work after April 1, 2001.  A.R. 270.  The ALJ responded that $15,000 for three months work was inconsistent with the types of jobs she had.  A.R. 271.  Williams testified that she left work in April 2001.  A.R. 272.

---

[4] In the workers compensation context at that time, a disability precluding heavy lifting and repeated bending/stooping "contemplates the individual has lost approximately 50% of pre-injury capacity for lifting, bending and stooping."  State of California, Schedule for Rating Permanent Disabilities at 2-14 (as of April 1997).  Although the report does not indicate Williams' pre-injury capacity for lifting, Williams testified that she lifted up to 70 pounds in her past work.  A.R. 279.  The vocational expert classified her job duties as inventory clerk, which is medium work.  A.R. 280.  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567, 416.967.  The ALJ was entitled to draw inferences from workers compensation reports "logically flowing from the evidence."  *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996).

With respect to the fourth reason, the ALJ noted that Williams works as a cashier two days a week, which involved standing four to five hours. A.R. 12, 269, 298-299. In addition, Williams walks her child to and from school, walks 12 steps up to her apartment, does grocery shopping, does limited yardwork and other chores. A.R. 12 (citing A.R. 88-90, 102-104), 291, 297-298.[5] The ALJ's reliance on "other chores" does not appear to be supported by substantial evidence. However, Williams' ability to work as a cashier for four to five hours while standing is inconsistent with her claimed limitations. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004).

Even assuming that the ALJ's reliance on activities of daily living was in error, the ALJ's finding as to Williams' credibility would still be supported by substantial evidence. In *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid. The court held that when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*." *Id.* at 1162 (italics in original). Therefore, when, as here, an ALJ articulates specific reasons for discounting a claimant's credibility, reliance on an illegitimate reason(s) among others does not automatically result in a remand. *See Batson*, 359 F.3d at 1197 ("in light of all the other reasons given by the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied, there was substantial evidence supporting the ALJ's decision").

Here, in light of the valid reasons for discounting Williams' credibility and the record as a whole, substantial evidence supported the ALJ's credibility finding. "If the

---

[5] Williams testified that she huffs and puffs after climbing the stairs. A.R. 291. It is not clear why. Her treating physician has recommended that she stop smoking. A.R. 220.

7

1  ALJ's credibility finding is supported by substantial evidence in the record, we may not
2  engage in second-guessing." *Thomas*, 278 F.3d at 959; *Morgan v. Commissioner of*
3  *the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

### B. Treating Physician's Opinion Regarding Depression

Williams incorrectly argues that the ALJ ignored her treating physician's diagnosis of depression. JS at 8 (citing A.R. 186). The ALJ expressly acknowledged Williams' treatment for depression. A.R. 12. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir 1993). A claimant must show that she is precluded from engaging in substantial gainful activity by reason of her impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). The ALJ stated that "[t]here were no indications of any work-related limitations" in the medical records. A.R. 12. Williams does not dispute that conclusion, which applies equally to the page Williams cites, A.R. 186.

Moreover, at the hearing, Williams did not identify depression as a reason she cannot work. Williams testified that she obtains mental health counseling because it is hard to deal with having a child and not having money to pay for things. A.R. 285. In addition, she stays with her older daughter because she feels harassed by younger kids in her apartment building and has trouble sleeping because of the noise. A.R. 283-285. The ALJ did not err.

### C. Existence of Severe Mental Impairment

At Step Two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not fewer than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically

acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[6] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and internal quotations omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290 (citations omitted). The ALJ is also "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Id.* (citations omitted). The Commissioner does not consider age, education, and work experience. 20 C.F.R. § 404.1520(c).

Williams argues that she "has indeed presented evidence of a mental impairment that has more than a minimal effect on her ability to do basic work activities." JS at 11.

---

[6] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

However, Williams does not cite any evidence in the record indicating any effect on her ability to work. *Id.* As noted above, the ALJ concluded that, in the medical records, "[t]here were no indications of any work-related limitations." A.R. 12; *see Carmickle*, 533 F.3d at 1165 (affirming finding that carpal tunnel syndrome was not a severe impairment at step two where "the medical record does not establish any work-related limitations as a result of this impairment"). Williams did not identify any work-related limitations from depression in her testimony. A.R. 281-282. The ALJ did not err.[7]

## IV.

## CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 28, 2009

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

---

[7] Moreover, given that the ALJ found the existence of a severe impairment, any error at Step Two would not prejudice Williams. *See Burch*, 400 F.3d at 682 (where step two is resolved in claimant's favor, any error at step two can prejudice claimant only in later step in the sequential analysis). Williams would have to show error in the ALJ's assessment of residual functional capacity, which she has not done. *See* 20 C.F.R. § 416.945(e) (ALJ "will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity"); 20 C.F.R. § 404.1523.